IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. HUTCHISON, et al., | No. CIV.S-03-1673 LKK DAD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES FOREST SERVICE, et al., | |
| Defendants. | |

This matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6), or in the alternative summary judgment. For the reasons set forth below, the undersigned will recommend that defendants' motion for summary judgment be granted and this action be dismissed.

**LEGAL STANDARDS**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.

/////

1

1  Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144,
2  157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> The party moving for summary judgment
> always bears the initial responsibility of
> informing the district court of the basis for its
> motion, and identifying those portions of "the
> pleadings, depositions, answers to
> interrogatories, and admissions on file, together
> with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of
> material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979), cert. denied, 455 U.S. 951 (1980).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); see also SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the opposing party is to be believed,

Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); see also United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

## **ANALYSIS**

Plaintiffs William E. and David T. Hutchison, proceeding pro se, initiated this Bivens[1] action seeking damages after the United States removed a cabin from a mining claim located by plaintiffs.  Plaintiffs maintain that they owned the cabin, which was present on the subject lands prior to the filing of their mining claim, and that they were deprived of that property without due process of law.  The United States defendants[2] claim that the United States had earlier acquired ownership of the cabin when the former claimants abandoned their mining claim upon which the cabin was located.  Because the undersigned agrees with defendants regarding the United States' ownership of the cabin, summary judgment for

---

[1] See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The named defendants in the amended complaint are Jean M. Masquelier (District Ranger); Greg Schimke (Mineral Officer); and Steve T. Eubanks (Forest Supervisor).

3

Case 2:03-cv-01673-LKK-DAD   Document 33   Filed 08/25/05   Page 4 of 7

defendants on plaintiffs' sole cause of action for a violation of due process is appropriate.[3]

Resolution of the issue of which party owned the cabin at the time of its demolition and removal is dispositive. Resolution of that issue is in turn controlled by the decision of the Ninth Circuit in Brothers v. United States, 594 F.2d 740 (9th Cir. 1979), a case which both sides have addressed. The pertinent facts before the court in Brothers were virtually identical to the facts presented here. The case involved a claimant's abandonment of a mining claim on federal lands; the reversion of two cabins located on that claim to the federal government; the relocation of the claim by subsequent claimants who filed a claim coinciding with the boundaries of the original claim; and a dispute regarding the government's ownership of the cabins and the subsequent claimants' right to possess them. 594 F.2d at 740-41. The subsequent claimants, just as plaintiffs in the case pending before this court, argued that when they relocated claim the buildings as well as the land vested in them. Id. at 741. In concluding that the action had been properly dismissed by the district court the Ninth Circuit squarely rejected plaintiffs' argument, stating

> The plaintiffs had notice that the cabins had been abandoned to the government. The fact that the Forest Service gave [the former claimant] permission to remove them after the abandonment does not give the plaintiffs any rights or interest in them.

---

[3] Defendants raise several other arguments in their motion, but it is unnecessary to address those arguments, the undersigned having determined that plaintiffs had no possessory interest in the cabin.

4

> We conclude that the plaintiffs failed to establish a possessory interest in the cabins and we need not reach the question whether they were unlawfully taken by the government.

Brothers, 594 F.2d at 741.

While the decision in Brothers was announced more than twenty years old, its holding has never been questioned. Finding the decision in Brothers controlling in the case of another dispute over ownership of the structures and personal property located on a relocated mining claim, one district court stated as follows:

> Stated differently, when the Barnes' and the Hagamans validly relocated the mining claims, they did not get a possessory interest in the structures and personal property. What they received was an interest in the mining claims, less the structures and personal property. When Burnett subsequently purchased or received their interests in the claims, he succeeded to just the mining claims as well, with no possessory interest. The Ninth Circuit case law seems to be consistent with this view. See Brothers v. United States, 594 F.2d 740 (9th Cir. 1979). In Brothers, the plaintiffs brought an inverse condemnation suit against the Forest Service, claiming that the Forest Service had wrongfully taken a mining claim and two cabins located on the claim. The plaintiffs in Brothers argued that once they relocated the abandoned mining claim, the cabins, as well as the land, vested in them. They argued this, despite conceding the fact that the mining claims and buildings reverted to the United States when abandoned by the previous locator. Id. at 740-41. The Ninth Circuit specifically disagreed and pointed out that the plaintiffs had notice that the cabins had been abandoned to the government and that their predecessor was only granted permission to remove the cabins. Based upon this, the court found that the plaintiffs did not have any rights or interest in the cabins. Id. at 741-42. Thus, the court finds the Brothers case controlling.

United States v. Burnett, 750 F. Supp. 1029, 1032 (D. Idaho 1990).

5

1          In arguing that they had a possessory interest in the
2  cabin, the Hutchisons rely on the holding of the California Supreme
3  Court in Watterson v. Cruse, 179 Cal. 379 (1918).  However, that
4  state court decision concerned a dispute regarding the right to
5  possession of a building between conflicting locators, not between
6  the United States and a locator.  Watterson v. Cruse therefore is
7  inapposite.  See Brothers, 594 F.2d at 741 (finding plaintiffs'
8  reliance on The plaintiffs' reliance on The Yankee Lode Claim, 30
9  L.D. 289 (1900), misplaced because the "case dealt only with the
10 rights of prior and subsequent mining claimants as against each other
11 rather than with the rights of a claimant as against the United
12 States.").
13         Under the decision in Brothers the Hutchisons had no
14 possessory interest in the cabin.  The undersigned is not persuaded
15 to reach a different conclusion by the three-page excerpt of a
16 memorandum apparently authored in 1979 by an attorney-advisor for the
17 United States Department of the Interior, Office of the Solicitor,
18 Anchorage Region upon which plaintiffs rely.  The memorandum
19 addresses "Cultural Resources on Unpatented Mining Claims" and its
20 relevance to the issue before the court is not explained by
21 plaintiffs.  Moreover, the excerpt of that memorandum submitted by
22 plaintiffs for the court's consideration cites the decision in
23 Brothers with approval and for the proposition that property such as
24 cabins become the property of the United States upon abandonment of a
25 mining claim.
26 /////

1    Plaintiffs having failed to establish a possessory interest
2 in the cabin, their sole claim for violation of due process lacks
3 merit.  See Brothers, 594 F.2d at 741; see also Coakley v. Murphy,
4 884 F.2d 1218, 1220 (9th Cir. 1989)("A due process claim is
5 cognizable only if there is a recognized liberty or property interest
6 at stake.").

**CONCLUSION**

8    Accordingly, there existing no genuine issue as to any
9 material fact and defendants being entitled to judgment as a matter
10 of law, IT IS HEREBY RECOMMENDED that defendants' motion for summary
11 judgment be granted and this action be dismissed.

12    These findings and recommendations are submitted to the
13 United States District Judge assigned to the case, pursuant to the
14 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
15 being served with these findings and recommendations, any party may
16 file written objections with the court and serve a copy on all
17 parties.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  The parties are
19 advised that failure to file objections within the specified time may
20 waive the right to appeal the District Court's order.  See Martinez
21 v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED: August 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\hutchison1673.msj.f&r